**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 99-4575

BILLY RAY QUICK,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-98-113)

Submitted: April 10, 2000

Decided: June 2, 2000

Before WIDENER, NIEMEYER, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Bryan Emery Gates, Winston-Salem, North Carolina, for Appellant.
Walter C. Holton, Jr., United States Attorney, Sandra J. Hairston,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Billy Ray Quick appeals from his conviction, pursuant to a guilty plea, of one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) (1994) and 18 U.S.C. § 2 (1994), and carrying and using a firearm in connection with a drug trafficking crime in violation of 18 U.S.C. § 924(c) (West Supp. 1999). Quick's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that Quick's appeal does not present any meritorious issues, but raising the following four issues at Quick's request: (1) whether the guilty plea was knowing and voluntary; (2) whether Quick was competent to enter a guilty plea while he was under the influence of prescribed medications; (3) whether Quick received ineffective assistance of counsel; and (4) whether the district court erred by denying Quick's motion for a downward departure. Quick has been informed of his right to submit a pro se supplemental brief, but has not done so.

A review of the transcript of Quick's guilty plea colloquy reveals that the court properly determined that Quick was competent to enter a plea, that he understood the charges against him, and that his guilty plea was knowing and voluntary. Although Quick had previously taken several prescribed medications, he told the district court that the medications did not affect his ability to think clearly or to understand the proceedings. He was informed of the maximum and minimum sentences, and he stated that he understood the court was obligated to consider the applicable sentencing guidelines. He was informed of the rights he was waiving by entering a guilty plea. The court, with Quick's agreement, found a factual basis for accepting the guilty plea based on information contained in the presentence investigation report ("PSR").

The PSR recommended a base offense level of 38 on the basis of 1.5 kilograms of crack cocaine. See U.S. Sentencing Guidelines Manual § 2D1.1(c)(1) (1998). It also recommended a three-level downward adjustment for Quick's acceptance of responsibility. See USSG § 3E1.1(a), (b). Based on Quick's prior convictions, he was deemed

2

a career criminal offender and placed in criminal history category VI. See USSG § 4B1.1. Quick did not file any objections to the PSR.

At sentencing, Quick moved for a downward departure from the sentencing guidelines on the basis that his criminal history category was overstated because his prior convictions were misdemeanors. The court, recognizing its discretion to depart, declined to do so. The court sentenced Quick to 292 months' imprisonment for the drug conviction, the low end of the sentencing guidelines range, and a mandatory consecutive 60 month term of imprisonment for the firearm conviction. We find the sentence was not imposed in violation of law and was not the result of an incorrect application of the sentencing guidelines.

Claims of ineffective assistance should be raised by a motion under 28 U.S.C.A. § 2255 (West Supp. 1999), unless it conclusively appears from the record that counsel did not provide effective assistance. See United States v. Williams, 977 F.2d 866, 871 (4th Cir. 1992). In this case, it does not conclusively appear from the record on appeal that Quick received ineffective assistance of counsel. Consequently, this claim is more properly raised in a § 2255 motion.

A district court's decision not to grant a motion for downward departure is not reviewable on appeal unless the court erroneously believed it lacked the authority to depart. See United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir. 1990). Here, the district court clearly recognized its authority to depart, but found it inappropriate to do so. Therefore, Quick's claim lacks merit.

Pursuant to Anders, this court has reviewed the record for reversible error and found none. We therefore affirm the conviction and sentence. We deny counsel's motion to withdraw. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, then counsel may again move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3